IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JAMES THEODORE CARBAUGH, JR.,**

        Plaintiff,

v.                              CIVIL ACTION NO. 3:23-cv-24
                                    (GROH)

**WVU MEDICAL,**

        Defendant.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Pending before the Court is pro se Plaintiff James Theodore Carbaugh, Jr.'s Motion [ECF No. 2] for Leave to Proceed in Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because the Complaint lacks subject-matter jurisdiction, the undersigned recommends that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE and Plaintiff's Motion for Leave to Proceed in Forma Pauperis be DENIED AS MOOT.

### II.    THE COMPLAINT

Plaintiff, a resident of Falling Waters, West Virginia, filed a pro se Complaint against Defendant "WVU Medical" on February 7, 2023.[2] ECF No. 1. The crux of

---

[1] This Motion was referred to the undersigned by order of Judge Groh on February 9, 2023. ECF No. 5.
[2] Although Defendant is listed as "WVU Medical" in the style of the case, the undersigned will refer to Defendant as "WVU Medicine" hereinafter, which is consistent with the dismissal notification letter attached to the Complaint. See ECF No. 1-1. Also, WVU Medicine is listed as the named defendant on Plaintiff's civil cover sheet. ECF No. 1-2.

Plaintiff's case appears to be that he was not satisfied with his medical treatment by doctors at WVU Medicine in Martinsburg, West Virginia.[3] WVU Medicine ultimately terminated Plaintiff as a patient due to disagreements on how his health care should be managed. ECF No. 1-1. While not entirely clear from the pleading, it seems Plaintiff was receiving medical treatment for a "leaky heart valve" and a shoulder injury that required surgery. ECF No. 1 at 2, 4. Before his termination as a patient at WVU Medicine, Plaintiff alleges that there were issues with his medications, that his treatment was delayed, and that Defendant may have put him in harm's way. Id. at 2-4. For relief, Plaintiff does not allege any monetary damages in the Complaint and has not requested any form of injunctive relief from this Court. With respect to the jurisdictional allegations, Plaintiff's Complaint states: "I believe the Court has jurisdiction." Id. at 2.

### III.  LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with the request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

---

[3] Plaintiff identifies three treating physicians in the Complaint: Dr. Khola S. Tahir, who treated him for a heart condition, Dr. Alex Bitzer, who treated him for a shoulder issue, and Dr. Charles B. Young, who also treated Plaintiff and altered his medication. ECF No. 1 at 2, 4.

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed sua sponte before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. Furthermore, if a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court").

When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts must read pro se allegations in a liberal fashion and hold those pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "the requirement of liberal construction does not mean that the court can ignore a clear failure . . . to allege facts which set forth a claim currently cognizable" in federal court. Gamache v. F.B.I., 2011 WL 4966281, at *1 (D.S.C. Apr. 19, 2011).

## IV.     DISCUSSION

Plaintiff did not cite a specific civil cause of action under state or federal law in his Complaint but did designate this as a medical malpractice action on the civil cover sheet. See ECF No. 1-2. For his jurisdictional statement, Plaintiff's Complaint simply states: "I believe the Court has jurisdiction." ECF No. 1 at 2. The Court, however, does not have jurisdiction.

Under the Federal Rules of Civil Procedure, the court must dismiss a case at any time if the court determines that the case lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court has subject-matter jurisdiction over a civil case when the complaint raises a federal question under 28 U.S.C. § 1331 or satisfies the requirements of diversity jurisdiction under 28 U.S.C. § 1332. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).

To meet § 1331 federal question jurisdiction, the plaintiff's claim must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The diversity statute on the other hand grants federal district courts jurisdiction when "the matter in controversy exceeds … $75,000 ... and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). Complete diversity must exist between the parties to satisfy § 1332, which means that "the citizenship of every plaintiff must be different from the citizenship of every defendant." Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011).

The undersigned has afforded the Complaint liberal construction because Plaintiff is self-represented. Nevertheless, the alleged conduct, that being WVU Medicine's delayed treatment, issues with Plaintiff's medication, and the ultimate

4

termination of Plaintiff as a patient, does not amount to a federal question as it does not "aris[e] under the Constitution, laws, or treaties of the United States." At best, the Complaint asserts a claim for medical malpractice against WVU Medicine under West Virginia law. Without federal question jurisdiction, only § 1332 diversity jurisdiction remains. Based on the scant allegations in the Complaint, Plaintiff and Defendant both appear to be citizens of West Virginia, so there is no diversity of citizenship.[4] Furthermore, regardless of citizenship, Plaintiff has not alleged that the amount in controversy exceeds $75,000. Thus, the Court does not have diversity jurisdiction over Plaintiff's claim.

Under the "well-pleaded complaint" rule, the facts showing the existence of subject-matter jurisdiction "must be affirmatively alleged in the complaint." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999). Here, such facts have not been affirmatively alleged. As the Complaint fails to demonstrate that there is either federal question or diversity jurisdiction, it should be dismissed without prejudice.

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned finds that Plaintiff's Complaint lacks subject-matter jurisdiction. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed in Forma Pauperis be **DENIED AS MOOT.**

---

[4] Plaintiff briefly references seeing a doctor at the Winchester Medical Center in Virginia. While it is conceivable this physician and medical center may be citizens of a different state than West Virginia, this factual reference does not affect diversity jurisdiction here because (1) he makes no allegations of wrongdoing against them, (2) they are not named defendants in this action, and most importantly, (3) Defendant WVU Medicine is a citizen of West Virginia, so there is not complete diversity of citizenship.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable GINA M. GROH, United States District Judge. **Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record, if any, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge's association with this case.

**DATED:** February 14, 2023

/s/ Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE